# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**OCWEN ORLANDO HOLDINGS CORP.,**

**Plaintiff,**

**-vs-**                                          **Case No.  6:07-cv-1113-Orl-31DAB**

**HARVARD PROPERTY TRUST LLC,**

**Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF OCWEN ORLANDO HOLDINGS CORP.'S MOTION TO REMAND (Doc. No. 7)** |
| **FILED:** | **July 3, 2007** |

_____

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

  Plaintiff Ocwen Orlando Holdings Corporation ("Ocwen"), a Florida corporation, filed suit in state court against Defendant Harvard Property Trust, LLC, a Delaware Limited Liability Company, for declaratory relief and breach of an agreement for the purchase and sale of real property located in Orange County, Florida (the "Agreement").  Doc. No. 2-2.  Harvard Property Trust, L.L.C., removed the case to this Court, however, its Notice of Removal failed to set forth the citizenship of its sole member, Behringer Harvard Holdings, L.L.C., also a Delaware Limited Liability Company.

Doc. No. 2. Because the Florida citizenship of any of the limited liability company members from Behringer Harvard Holdings, L.L.C. would destroy the complete diversity jurisdiction necessary to proceed in federal court pursuant to 28 U.S.C. § 1332, and Defendant's Notice of Removal failed to allege the citizenship of every member of Behringer Harvard Holdings, L.L.C. in support of its allegation that the Court has jurisdiction based on complete diversity, the Court ordered Defendant to show cause why the case should not be remanded.  Doc. No. 6.  Plaintiff subsequently filed a Motion to Remand arguing that a forum selection clause in the parties' Agreement (Doc. No. 2-2), set jurisdiction in Orange County Court.  Doc. No. 7.

### *Diversity of Citizenship*

Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants. *Owen Equip. and Recreation Co. v. Kroger,* 437 U.S. 365, 373 (1978).  In order to achieve "complete diversity" no party plaintiff may be a citizen of the same state as any of the defendants. *Owen Equipment,* 437 U.S. at 373.  Parties cannot consent to federal subject matter jurisdiction; it is question of law for the Court to decide.  *See Williams v. Best Buy Co.*, Inc., 269 F.3d 1316, 1318 (11th Cir. 2001) (Eleventh Circuit raised *sua sponte* issue of whether the case involved a sufficient amount in controversy despite parties' stipulation that court had jurisdiction).

The standard for determining citizenship for purposes of ascertaining diversity jurisdiction of a limited liability company is different from that of a corporation.  A corporation is a citizen of (1) its state of incorporation; and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).  However, unlike corporations, an unincorporated entity such as a limited liability company is not, without more, a citizen of the state that created the entity; such legal entities are

citizens of every state in which each of their members are citizens. *Carden v. Arkoma Assocs.,* 494 U.S. 185, 187-88 (1990); *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002). Thus, Defendant Harvard Property Trust, L.L.C. through Behringer Harvard Holdings, L.L.C., a limited liability company, is a citizen of every state in which each of Behringer Harvard Holdings, L.L.C.'s members are citizens. *See, e.g., Pimal Property, Inc. v. Fireman's Fund Ins. Co.*, No. 04-1178, 2005 WL 3273559, *4 (D. Ariz. 2005) (where at least one member of defendant limited liability company was a citizen of the same state as plaintiff, the addition of the limited liability company destroyed diversity of citizenship and the court lacked subject matter jurisdiction over the case).

In its Response to the Order to Show Cause, Harvard Property filed an affidavit from its Executive Vice President which sets forth the relationships and domiciles between the member entities. Doc. No. 9. Defendant Harvard Property Trust, L.L.C. has as its sole member Behringer Harvard Holdings, L.L.C., whose sole managing member is Robert M. Behringer of Texas, and all other direct and indirect members listed in the schedule provided are citizens of either Texas or Minnesota; thus complete diversity exists. Doc. Nos. 9 & 10 at 7-8. The Order to Show Cause is **DISCHARGED**.

### *Forum selection clause*

The parties' Agreement contains a forum selection clause which reads:

SELLER AND PURCHASER, WAIVE TRIAL BY JURY IN ANY ACTION, CLAIM OR COUNTERCLAIM BROUGHT IN CONNECTION WITH ANY MATTER ARISING OUT OF OR IN ANY WAY CONNECTED WITH THIS AGREEMENT OR PURCHASER-SELLER RELATIONSHIP. SELLER AND PURCHASER, WAIVE ANY OBJECTION TO THE VENUE OF ANY ACTION FILED IN ANY COURT SITUATED IN THE JURISDICTION IN WHICH THE

PROPERTY IS LOCATED AND WAIVE ANY RIGHT TO TRANSFER ANY SUCH ACTION FILED IN ANY COURT TO ANY OTHER COURT.

Doc. No. 2-2, § 28.14.  Ocwen contends that, as the Plaintiff filing suit, it had the right to choose as the forum for the lawsuit any court situated in the jurisdiction in which the property is located, Orange County, and appropriately filed its Complaint in Orange County Circuit Court.  Ocwen argues that Harvard Property Trust has contractually waived its right to transfer the case to any other court by virtue of this section of the Agreement.

According to the Plaintiff, the parties in this action are two sophisticated companies familiar with real property transactions who equally participated in the negotiating and drafting of the Agreement, with full benefit of counsel.  Doc. No. 2-2 § 28.3.  Plaintiff argues that the contractual waiver in § 28.14 is unambiguous, contained within the four corners of the Agreement, and conspicuously emphasized in the Agreement through all caps; thus it should be enforced.  Harvard Property Trust contends that the "forum selection clause" in this case does not unambiguously designate nor specifically mandate that only a single, particular forum or court will have jurisdiction of any action. Doc. No. 8 at 3-4.

Harvard Property Trust argues that the "clause's language evinces a mandatory intent of the parties that venue of any action shall lay only where the property is located" which can be satisfied by either a state or federal forum in Orange County, Florida.  Harvard Property Trust argues since the Middle District is located in Orlando, Orange County, Florida, the federal forum satisfies the venue provision in the Agreement.  The Court does not disagree that either a state or federal forum located within Orange County, Florida could be an appropriate venue.

-4-

However, Harvard Property mistakenly argues the distinction between permissive and mandatory forum selection clauses is relevant and fails to refute that it has waived the right to transfer the case to any other court.  The Eleventh Circuit has held, in the context of removal based solely on diversity jurisdiction, ordinary contract principles govern a contractual waiver.  *Snapper, Inc. v. Redan,* 171 F.3d 1249, 1261 (11th Cir. 1999).  The forum selection clause explicitly provided that the parties waive the right to object to venue in Orange County, Florida, (where the real property is located) and "waive any right to transfer any such action filed in any court to any other court."  In *Snapper*, the Eleventh Circuit applied ordinary contract principles to the contract clause which submitted to federal or state court in Atlanta and "expressly waiv[ed] whatever rights may correspond to it by reason of its present or future domicile."  *Id*. at 1262.  The appellate court concluded that the defendants had waived their right to remove the case to federal court, even though the matter could have been brought in federal court originally, by "expressly waiving" all of their rights corresponding to domicile, *i.e.*, including the right to remove. *Id*. at 1260-61.

Harvard Property argues that the waiver-of-transfer clause is ambiguous and not mandatory because it could also make sense in the context of precluding forum *non conveniens* "transfers" to other courts.  Doc. No. 8 at 5.  Although litigants sometimes use the terms "transfer" and "forum *non conveniens*" interchangeably, forum *non conveniens* is a distinct doctrine as applied in both Florida state courts and federal courts, which means a dismissal "in those instances in which the alternative forum is [in a different] court [system] or the court of a foreign country, or situations in which there is no alternative  . . . forum to which the action could be transferred."  5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1352 at 328 (3d ed. 2004) (discussing transfer versus forum *non conveniens* in the federal court).  *Compare* FLA. STAT. § 47.122 (transfer

of cases between Florida courts) *with* Fla. R. Civ. P 1.061 (allowing forum *non conveniens* dismissal on the ground that a satisfactory remedy may be more conveniently sought in a jurisdiction outside Florida).  As Plaintiff correctly points out, in *Snapper*, the Eleventh Circuit recognized that forum selection clauses such as § 28.14 may be considered permissive in that they specifically allow the plaintiff to select a forum, while at the same time the waiver provision is considered mandatory in that the courts require the defendant to absolutely submit to the forum selected by plaintiff.  *Id.* at n. 24.

Here, Harvard Property has "waive[d] any right to transfer any such action filed in any court to any other court."  The plain meaning of the actual language used by the parties controls.  *Pol v. Pol* 705 So.2d 51, 53 (Fla. 3rd DCA 1997), *rev. denied*, 717 So.2d 536 (Fla. 1998).  The plain meaning of "transfer" is to "convey or remove from one place, person, etc. to another." *See Dictionary.com Unabridged* (v1.1), Random House, Inc. (2007).  Therefore, "transfer" in this case would encompass transfer of the case within the Florida courts, dismissal of the case for forum *non conveniens* to another state or country, or removal of the case to the United States District Court, Middle District of Florida.  Harvard Property has explicitly waived its right to take any such action to have the case "transferred."

Under a similar set of facts, the Second Circuit has found waiver even when the forum selection clause did not expressly waive removal because "the parties' inclusion of the forum-selection clause makes little sense unless it precludes removal." *Karl Koch Erecting Co. v. New York Convention Ctr. Dev. Corp.,* 838 F.2d 656, 659 (2d Cir. 1988) (cited with approval in *Snapper,* 171 F.3d at 1261).  Other circuits are in accord. *See, e.g., iNet Directories, LLC v. Developershed, Inc.*, 394 F.3d 1081, 1082 (8th Cir. 2005) (finding that a contractual provision "waiving any and all objections" to venue in state or federal court in Missouri unambiguously prohibited developers had

from objecting to venue by removing the case to federal court); *Waters v. Browning-Ferris Indus.,*

*Inc.*, 252 F.3d 796, 797-798 (5th Cir. 2001) (holding defendant had "irrevocably" waived any

objection to venue in any court in the state, thus precluding removal by defendant to federal court,

even though plaintiff could have originally filed suit in federal court).   Based on the language of the

forum selection clause waiving Harvard Property's ability to seek transfer of the case, it is respectfully

**RECOMMENDED** that the case be remanded to the Orange County Circuit Court from which it was

removed.

Failure to file written objections to the proposed findings and recommendations contained in

this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking

the factual findings on appeal.

Recommended in Orlando, Florida on August 1, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy